IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORVIS HARMON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-02083-P |
| | § | |
| DALLAS COUNTY, TEXAS and DERICK EVANS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SUPPLEMENT TO ORIGINAL COMPLAINT AND RULE 7(a) REPLY

Norvis Harmon makes this Supplement to his Original Complaint and to his Rule 7(a) Reply and shows as follows:

### Plaintiff's Supplemental Allegations

1.      As a result of the reports of Derick Evans' illegal conduct made by Plaintiff Norvis Harmon and other deputy constables in 2009 and early 2010 to the investigators hired by Dallas County, the investigators relayed those reports of Evans' illegal conduct to the Dallas County District Attorney's office and to a Dallas County grand jury.

2.      For reasons known only to the Dallas County District Attorney's office, no significant action to investigate or prosecute Derick Evans was completed before June 1, 2010.

3.      Harmon alleges that then Dallas County District Attorney Craig Watkins was a political ally of Derick Evans and the District Attorney's delay in investigating the reports of Derick Evans' illegal conduct may have been the result of Watkins' and Evans' political ties.

4.      Responding to widespread public interest and reporting by local media questioning the lack of any investigation or prosecution of Derick Evans, on June 1, 2010, District Attorney Watkins

**PLAINTIFF'S SUPPLEMENT TO ORIGINAL COMPLAINT AND RULE 7(a) REPLY – Page 1**

HARMONSUPPLEMENTRULE7REPLY.wpd

recused himself and his office from the investigation of Derick Evans' illegal conduct and he appointed a special prosecutor to conduct the investigation and any prosecution.

5.     After the appointment of the special prosecutor in June 2010, Norvis Harmon repeated his reports of Derick Evans' illegal conduct to the special prosecutor during the Summer and early Fall of 2010.

6.     Derick Evans commenced a G.P.S. audit around July 2010.

7.     Derick Evans was indicted by a Dallas County grand jury on December 1, 2010 for running an illegal raffle as a fund-raiser for his re-election campaign.

8.     Around January 2011, Derick Evans received from his criminal defense lawyers a copy of the Defenbaugh report and the other reports prepared by investigators hired by Dallas County that detailed the illegal conduct by Evans.

9.     The reports Evans received were produced to his lawyers as discovery in the criminal case against Evans and that discovery produced to Evans by the special prosecutors identified the deputy constables who had made reports about Evans' illegal conduct.

10.     Norvis Harmon was one of the Dallas County deputy constables named in the Defenbaugh report and/or other reports from the investigators as having reported Evans' illegal conduct, which included Evans' unlawful towing practices, his illegal campaign fund-raiser raffle and his illegal requirement that deputies work for free for political allies and for Evans' re-election campaign.

11.     After Derick Evans identified the deputy constables who reported his illegal conduct, including Norvis Harmon, he undertook an effort to develop reasons to terminate those deputy constables using pretext reasons for firings as a cover for his illegal retaliation.

12.     Derick Evans used what he called a G.P.S. audit to create pretext reasons for the retaliatory

**PLAINTIFF'S SUPPLEMENT TO ORIGINAL COMPLAINT AND RULE 7(a) REPLY – Page 2**

termination of the deputy constables, including Norvis Harmon, who reported Evans' illegal conduct.

13.     Norvis Harmon contends that any delay by Derick Evans in firing Harmon, from the time in 2009 when Harmon first reported Evans' illegal conduct through June 2011 when Harmon was ultimately fired was the result of Derick Evans simply biding his time to try to identify a plausible pretext for the wrongful termination of Harmon, or it was the result of Evans' belief that his political ally District Attorney Watkins would not actually prosecute Evans for his illegal conduct.

14.     That Evans waited to retaliate against his subordinates who reported his illegal conduct is consistent with Evans' plan that he first discussed in a meeting of deputy constables in 2009, when Evans said that deputies were "throwing rocks"; that Evans would wait until all the rocks were thrown and he would save the rocks; and that Evans was going to "throw my rocks back".

15.     Alternatively, Norvis Harmon contends that the delay in his termination after he first reported Evans' illegal conduct was due to Evans' lack of specific knowledge of who reported his illegal conduct until after he obtained the information from his criminal defense attorneys sometime after January 2011.

16.     Norvis Harmon alleges that the short time from January 2011 to June 2011 when Harmon was fired demonstrates the temporal relationship between Harmon's reports of Evans' illegal conduct and Harmon's wrongful termination as it was the time needed by Derick Evans to create a pretext reason for Harmon's termination.


          WHEREFORE, Plaintiff Norvis Harmon prays that the Court deny Defendant Evans' assertion of any qualified immunity in this action and that the Court set this case for trial.


**PLAINTIFF'S SUPPLEMENT TO ORIGINAL COMPLAINT AND RULE 7(a) REPLY – Page 3**

HARMONSUPPLEMENTRULE7REPLY.wpd

Respectfully submitted,

*/s/ William J. Dunleavy*
William J. Dunleavy
State Bar No. 00787404
Law Offices of William J. Dunleavy, P.C.
825 Market Street
Building M, Suite 250
Allen, Texas  75013
Telephone No. 972/247-9200
Telecopier No. 972/247-9201

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court Northern District of Texas, using the electronic case filing system of the court.  The electronic filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this notice as service of this document by electronic means:

Ms. Dolena Westergard
Dallas County District Attorney's Office
133 N. Riverfront Boulevard, LB 19
Dallas, Texas 75207

*/s/ William J. Dunleavy*
William J. Dunleavy

**PLAINTIFF'S SUPPLEMENT TO ORIGINAL COMPLAINT AND RULE 7(a) REPLY – Page 4**