IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NORVIS HARMON,** § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. **3:13-CV-2083-L** |
| **DALLAS COUNTY, TEXAS and** § | |
| **DERICK EVANS,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Limited Motion for Summary Judgment (Doc. 39), filed July 18, 2016; and Norvis Harmon's Motion for Partial Summary Judgment (Doc. 42), filed July 18, 2016. After carefully considering the motions, responses, replies, briefs, admissible summary judgment evidence, record, and applicable law, the court **grants** Defendants' Limited Motion for Summary Judgment (Doc. 39) based on res judicata as to Dallas County and **denies as moot** the motion as to Plaintiff's claims against Derick Evans; and **denies** Norvis Harmon's Motion for Partial Summary Judgment (Doc. 42).[1] Further, for the reasons set forth in its January 26, 2017 order, the court revisits Defendant Derick Evans's Motion for Judgment as a Matter of Law based on qualified immunity (Doc. 26) and the order denying that motion (Doc. 29) and **concludes** that nature of the challenged conduct was not clearly established in the specific context of this case. Accordingly, the court **vacates in part** the December 1, 2015 order (Doc. 29), to the extent it is inconsistent with this opinion, **grants** Defendant Derick Evans's Motion for Judgment for Judgment as a Matter of Law

---

[1] In their response to Plaintiff's summary judgment motion regarding his equal protection claim, Defendants request that the court treat their response as a cross-motion for summary judgment in favor of Dallas County. As herein explained, the court's resolution of the other motions moots the cross-motion, which the court **denies as moot.**

Memorandum Opinion and Order – Page 1

based on qualified immunity (Doc. 26), and **dismisses with prejudice** Plaintiff's claim against Evans in his individual capacity for retaliation in violation of his First Amendment right to free speech.

I.     **Factual and Procedural Background**

Plaintiff Norvis Harmon ("Plaintiff" or "Harmon") brought this action against Defendants Dallas County, Texas ("Dallas County" or "the County") and former Dallas County Constable Derick Evans ("Evans") (collectively, "Defendants") on June 3, 2013. Harmon was previously employed by Dallas County in Constable Office, Precinct 1, as a deputy constable. His employment was terminated on June 3, 2011. The termination of his employment is the subject of this lawsuit, as well as a state court action filed by Harmon and two other deputy constables against Dallas County on September 9, 2011, in the 44th Judicial District Court, Dallas County, Texas. As the state court action is the basis for Defendants' res judicata argument and summary judgment motion, the court sets forth the factual and procedural background for the state action and this federal action.

     A.     **Harmon's State Court Action**

Before bringing this lawsuit, Harmon and two other deputy constable plaintiffs sued Dallas County in the 44th Judicial District Court, Dallas County, Texas. On February 12, 2012, a First Amended Petition was filed against Dallas County, in which Harmon and the other plaintiffs asserted claims for alleged violations of the Texas Whistleblower Act ("TWA") and Texas Local Government Code § 617.004, and an equal protection claim for alleged violations of the Texas Constitution. Harmon's TWA claim was based on his contention that his employment was terminated on June 3, 2011, in retaliation for his reporting that Evans and the supervisors under Evans had engaged in illegal conduct by requiring deputy constables, including Harmon, to: (1) donate time and money to

**Memorandum Opinion and Order – Page 2**

Evans's re-election campaign; (2) work unpaid for political allies and friends of Evans; and (3) tow citizens' vehicles after traffic stops in violation of Texas Transportation Code § 720.002's prohibition against setting traffic citation quotas. Harmon further alleged that, because of Dallas County's order limiting access to the County's grievance system to constables hired before August 19, 2003, he was denied the ability to appeal the termination of his employment through the County grievance system in violation of Texas Government Code § 617.004 and his right to equal protection under the Texas constitution. Harmon sought monetary damages, reinstatement of his employment rights and benefits or submission of a "corrected TCLEOSE Form F-5" regarding the termination of his employment,[2] prejudgment and postjudgment interest, and an award of attorney's fees and costs under Texas Government Code § 554.003 and Texas Civil Practices and Remedies Code § 37.001, *et seq*.[3] In connection with his equal protection and § 617.004 claims, Harmon also sought injunction relief to prevent the application of Dallas County's order[4] that limited access to the County's grievance system to constables hired before August 19, 2003, and a declaratory judgment that the Dallas County order violates Texas Government Code § 617.004 and the Texas Constitution.

---

[2] "TCLEOSE" refers to the Texas Commission on Law Enforcement Officer Standards and Education. An F-5 report refers to the employment termination report that the head of a law enforcement agency or the head's designee is required to submit to the TCLEOSE when an officer resigns, retires, is terminated or separates from a law enforcement agency. *See* Tex. Occ. Code Ann. § 1701.452; *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 543 (5th Cir. 2013). "The F-5 Report becomes part of the officer's permanent TCLEOSE record. If the officer seeks employment with another law enforcement agency, the agency is required to review employment termination reports before hiring the officer." *Id.* (quoting 37 Tex. Admin. Code § 217.7(a)(1)).

[3] Section 554.003 of the Texas Government Code allows public employees in whistleblower actions to sue for injunctive relief, actual damages, court costs, and reasonable attorney's fees. Section 37.001 of the Texas Civil Practice & Remedies Code applies to declaratory judgment actions brought under Texas law. Section 37.009 of the Texas Declaratory Judgment Act authorizes courts in declaratory judgment actions to "award costs and reasonable and necessary attorney's fees as are equitable and just."

[4] The court uses the term "order" herein when describing what Plaintiff refers to as the Dallas County ordinance or policy.

In addition, Harmon requested relief declaring that the conduct of Evans and others, in requiring deputy constables to perform unpaid work and meet traffic citation quotas, was unlawful, and enjoining such conduct.

On March 5, 2012, Dallas County moved to dismiss Harmon's claims and requests for relief. On March 28, 2012, the state court dismissed with prejudice Harmon's Whistleblower claim, equal protection claim, and claim for alleged violations of Texas Government Code 617.005.

**B.     Harmon's Federal Action**

In this action, Harmon asserts two claims, pursuant 42 U.S.C. § 1983, based on the denial of equal protection to petition the government and retaliation in violation of his First Amendment right to free speech. Harmon contends that he was denied equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution when Defendants refused to hear the appeal of his termination through the Dallas County grievance system because he was not employed as a Deputy Constable before August 19, 2003. Plaintiff asserts that any Dallas County order that limits appeals of deputy constables to deputy constables hired before August 19, 2003, deprives him of the fundamental right to petition the government for redress of grievances in violation of his right to equal protection of the laws and the United States Constitution. Plaintiff also contends that Defendants retaliated against him in terminating his employment in violation of his First Amendment right to speak out on matters of public concern. Specifically, Plaintiff contends that he was fired because he reported that Evans and the supervisors under Evans engaged in illegal conduct in requiring deputy constables, including Plaintiff, to: (1) donate time and money to Evans's re-election campaign; (2) work unpaid for political allies and friends of Evans; and (3) tow citizens' vehicles

after traffic stops. In addition, Plaintiff asserts that he reported Evans's illegal conduct in setting traffic citation quotas in violation of Texas Transportation Code § 720.002.

On February 26, 2015, former United States Chief Judge Jorge A. Solis ("Judge Solis") ordered Plaintiff to file a reply under Federal Rule of Civil Procedure 7(a) regarding Defendants' qualified immunity defenses. On March 18, 2015, Plaintiff filed his Rule 7(a) Reply (Doc. 25) as directed. On April 17, 2015, Evans moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Evans clarifies in his Motion for Judgment that, of the two equal protection and free speech claims asserted by Plaintiff, his motion focuses on and seeks dismissal of Plaintiff's free speech claim against him in his individual capacity, based on his defense of qualified immunity.[5] Evans's motion was denied by Judge Solis on December 1, 2015.[6]

The case was assigned to the undersigned on April 27, 2016, after Judge Solis retired. After expiration of the dispositive motion deadline and at the parties' request, the court allowed Defendants to file their Limited Motion for Summary Judgment (Doc. 39) in which they contend that

---

[5] Although it is not clear from Plaintiff's Original Complaint, Harmon clarified in his Rule 7(a) Reply that he is suing Evans in his individual and official capacities, but any claim against Evans under 1983 in his official capacity would in effect be a claim against the County, which, as herein explained, is barred by res judicata.

[6] In his response to Evans's Motion for Judgment (Doc. 27), Plaintiff sought leave to supplement his Complaint and Rule 7(a) Reply and attached as an exhibit to his response his proposed Supplement to Original Complaint and Rule 7(a) Reply. Evans's reply in support of his Motion for Judgment does not address Plaintiff's request to supplement his pleadings. Judge Solis's order denying the Motion for Judgment also does not specifically address this request by Plaintiff, but it states that the court's ruling is based on the facts in Harmon's Complaint and Rule 7(a) Reply. Order 1 n.1 (Doc. 29). Additionally, the order contains several citations and references to the factual allegations in "Doc. 25," which is Plaintiff's Rule 7(a) Reply, as well as "Doc. 27." As noted, "Doc. 27" is actually Plaintiff's response to the Motion for Judgment, not the proposed supplement that is attached to Plaintiff's response; however, it is apparent from Judge Solis's order that his citations to "Doc. 27" refer to Plaintiff's proposed supplement. Accordingly, the court concludes that Plaintiff's motion for leave to supplement his pleadings was impliedly granted by Judge Solis. **The court, therefore, directs the clerk of the court to file separately the exhibit to Plaintiff's response to the Motion for Judgment (Doc. 27-1). This document shall be given a file date of December 1, 2015, the same date as Judge Solis's order.**

Plaintiff's equal protection and First Amendment retaliation, free speech claims are barred by res judicata. The court also allowed Plaintiff to move for partial summary judgment (Doc. 42) on his equal protection claim against Dallas County. In response to Plaintiff's summary judgment motion, Defendants request that the court treat their response as a cross-motion for summary judgment in the County's favor on the equal protection claim, which the County contends can be decided as a matter of law. On January 3, 2017, the court granted the parties' agreed motion to stay the deadline for filing pretrial materials until the court ruled on the pending summary judgment motions.

## II.     Defendants' Summary Judgment Motion

### A.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

**Memorandum Opinion and Order – Page 6**

judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element

essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B.   Analysis**

Defendants contend that Plaintiff's claims against them for denial of equal protection and retaliation for the exercise of free speech under the First Amendment are barred by res judicata. Because the claimed preclusive effect arises from a state-court judgment, the court applies Texas law to determine whether Plaintiff's claims are barred by res judicata. *Cox v. Nueces Cty., Texas*, 839 F.3d 418, 420-21 (5th Cir. 2016) (footnote omitted). "Under Texas law, res judicata requires proof of three elements: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Id.* at 421 (citing *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).[7]

Defendants contend that all of the elements for res judicata with respect to Plaintiff's prior state court action are satisfied here. Plaintiff responds that Defendants have the burden as the summary judgment movants on their affirmative defense and contends that Defendants have not satisfied that burden with respect to each of the elements of res judicata.

For the reasons that follow, the court disagrees and **concludes** that all of the elements for res judicata are satisfied with respect to Plaintiff's claims based on denial of equal protection and

---

[7] In response to Defendants' summary judgment motion, Plaintiff contends that the test for res judicata set forth in *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460 (5th Cir. 2013), applies rather than the Texas test relied on by Defendants. As Defendants correctly point out, *Comer* dealt with the preclusive effect of a federal court judgment. As a result, *Comer* applied federal law in deciding whether the claims in that case were barred by res judicata. As the issue in this case is whether Plaintiff's claims in this action are barred in light of a state court judgment, Texas law applies. *Cox*, 839 F.3d at 420-21.

retaliation for the exercise of free speech under the First Amendment claims against Dallas County. Thus, Dallas County is entitled to judgment as a matter of law as to Plaintiff's claims against it, which are **dismissed with prejudice**. Because the court determines that Evans is entitled to judgment on Plaintiff's retaliation claim for the exercise of free speech under the First Amendment against him in his individual capacity based on qualified immunity, it need not address whether this claim is also barred by res judicata, and **denies as moot** Defendants' summary judgment motion with respect to this claim by Plaintiff against Evans.

### 1. Whether a Final Judgment on the Merits by a Court of Competent Jurisdiction was Entered by the State Court

Defendants contend that a final judgment on the merits was entered against Plaintiff in the state court action filed by him and two other deputy constables against Dallas County on September 9, 2011. Defendants contend that various orders entered in the state court action between March 28, 2012, and November 7, 2013, finally disposed of Plaintiff's claims in that action.

Harmon does not dispute that the court orders relied on by Defendants were entered in the state court action. He instead contends that none of the orders entered in the state court action qualifies as a final judgment on the merits because none of the orders, either separately or collectively, disposed of all parties and issues in the state court action. In this regard, Harmon contends that the orders only dismissed certain aspects of his requests for injunctive and declaratory relief, and none of the orders addresses his request for attorney's fees. In addition, he asserts that certain orders allowed him to replead his claims and thus do not constitute a final judgment.

Harmon further asserts that the state court action does not qualify as a "prior action" because, although he filed it before the federal lawsuit, the two lawsuits were pending simultaneously and no

**Memorandum Opinion and Order – Page 9**

final judgment was entered in the state court case before he filed the federal action. Harmon contends that a plaintiff who elects to pursue state law claims in a state court forum and federal claims in a federal forum should not be precluded by res judicata from doing so. In addition, Harmon contends that the state court was not a court of competent jurisdiction because Dallas County sought and obtained dismissal of his claims based on a motion to dismiss for lack of subject matter jurisdiction or plea to the jurisdiction. Based on Fifth Circuit authority, Plaintiff contends that dismissal for lack of subject matter jurisdiction is not a final judgment on the merits, and, absent a final judgment on the merits, res judicata does not apply.

Defendants reply that Harmon's substantive claims against Dallas County in the state court action were dismissed with prejudice, and by separate order, his claims for declaratory and injunctive relief were also dismissed. Defendants contend that, taken together, these orders disposed of all issues in the state court action. Defendants contend that Plaintiff's arguments regarding the filing of simultaneous actions and the finality of a dismissal under Texas law for want of subject matter jurisdiction based on governmental immunity are foreclosed by the Fifth Circuit's opinion in *Hogue v. Royse City, Texas*, 939 F.2d 1249 (5th Cir. 1991), and this court's opinion in *Caro v. City of Dallas*, No. 3:15-CV-1210-L, 2016 WL 397084 (N.D. Tex. Feb. 1, 2016).

Defendants are correct. As this court explained in *Caro*, a dismissal for want of subject matter jurisdiction because of a municipality's governmental immunity is a dismissal with prejudice, and, therefore, is a final judgment on the merits. *Id.* at *7 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012)). Moreover, it is apparent from the parties' summary judgment evidence in this case that Dallas County's arguments in the state court action with respect to its plea to the jurisdiction pertained to the merits of Harmon's claims, and Harmon's claims were

**Memorandum Opinion and Order – Page 10**

dismissed with prejudice after he failed to amend his pleadings to cure the deficiencies noted. Accordingly, Harmon's argument that the state court was not a court of competent jurisdiction is without merit. For the reasons discussed below, Harmon's contention regarding the filing of simultaneous actions is likewise unavailing, as a final judgment was entered in the state court action first, and he was required to assert all claims arising from the same subject matter in that action. *See Cox*, 839 F.3d at 421.

### 2. Whether the Two Lawsuits Involve the Same Parties or Those in Privity

Dallas County and Harmon were both parties to the state court action. Thus, the privity requirement for res judicata is satisfied.

### 3. Whether the Federal Action Involves the Same Claims that Could Have Been Asserted in the Prior State Court Action

In Texas, it is well established that a plaintiff must "bring, in the initial suit, all possible claims arising out of the same 'transaction,'" and "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence[ ] could have been raised in a prior suit." *Cox*, 839 F.3d at 421 (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 630-31 (Tex. 1992)). "The scope of res judicata is not limited to matters actually litigated" in a prior suit, but also extends to "causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *EEOC. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992)).

The claims asserted in this case and in the state court action are not identical but they are substantially similar and arise out of same transaction—the termination of Harmon's employment

in retaliation for reporting that Evans had engaged in unlawful conduct and Harmon's inability to appeal the termination of his employment through the County grievance system because of a County order limiting access to the County's grievance system to constables hired before August 19, 2003. Consequently, Harmon's claims in this case, even though based on alleged federal constitutional violations, could have and should have been litigated in the state court action. *See Cox*, 839 F.3d at 421 (rejecting the plaintiffs' argument that they could not bring their federal constitutional claims in the prior state court proceeding or that they were entitled to "abstain" from litigating their federal claims in state court). As Plaintiff could have raised his federal constitutional claims in state court, and did not, he is barred from litigating them in this action. *See id.* Accordingly, Dallas County is entitled to judgment as a matter of law on all of Plaintiff's claims in this action. The court, therefore, **grants** Defendants' Limited Motion for Summary Judgment (Doc. 39) with respect to Dallas County and **dismisses with prejudice** the claims asserted by Plaintiff in this action against Dallas County as barred by res judicata.

### III.    Plaintiff's Summary Judgment Motion and Dallas County's Cross Motion for Summary Judgment on Plaintiff's Equal Protection Claim

As previously noted, Plaintiff moved for summary judgment on its equal protection claim against the County, and the County requested that the court consider its response to Plaintiff's summary judgment motion as a cross-motion for summary judgment on Plaintiff's equal protection claim against it. As the court has determined that this claim fails as a matter of law because it is barred by res judicata, granting summary judgment on behalf of Plaintiff would conflict with the court's legal determinations regarding the Defendants' summary judgment motion with respect to Plaintiff's equal protection claim against the County. The court's res judicata determination

**Memorandum Opinion and Order – Page 12**

regarding Plaintiff's equal protection claim against the County also moots the County's cross-motion for summary judgment. Accordingly, the court **denies** Norvis Harmon's Motion for Partial Summary Judgment (Doc. 42), and **denies as moot** the County's cross-motion for summary judgment.

## IV.    Derick Evans's Motion for Judgment on the Pleadings

The standard for Rule 12(c) motions and the facts set out in Judge Solis's order are correct. Accordingly, the court need not repeat them. The court instead focuses on whether the nature of the challenged conduct at issue was clearly established in the specific context of this case. After considering the parties' supplemental briefs, the pleadings, and applicable law, the court **concludes** that Harmon is not entitled to First Amendment free speech protection for his involvement in the investigation of Evans and his reporting that Evans engaged in unlawful conduct because the right at issue was not clearly established at the time of his discharge. *See Howell v. Town of Ball*, 827 F.3d 515, 520 (5th Cir. 2016).

The facts of this case are substantially similar to those in *Howell v. Town of Ball*, in which the Fifth Circuit determined that "the district court erred in holding that Howell's involvement in the FBI investigation was not entitled to First Amendment protection," and held, "Although we hold that Howell asserts a violation of his right of free speech, we further hold that the right at issue was not 'clearly established' at the time of his discharge." *Id.* The *Howell* court, therefore, agreed with the district court's conclusion that "the Board defendants [who were the only defendants with final authority to terminate Howell's employment with the town of Ball] were entitled to qualified immunity because, at the time Howell was fired, it was not clearly established whether his involvement in the FBI investigation was protected under the First Amendment." *Id.* at 525.

Memorandum Opinion and Order – Page 13

The plaintiff in *Howell* was discharged in May 2011. Harmon's employment was terminated in June 2011, and like the plaintiff in *Howell*, Harmon alleges that his employment was terminated in violation of his free speech right under the First Amendment for participating in an investigation of Evans. *See id.* at 519 ("Thomas Howell, a former police officer for the town of Ball, Louisiana, brought this action against the town of Ball and several individual defendants. Howell alleged that the defendants violated his First Amendment rights when he was fired for cooperating with an FBI investigation of public corruption."). The Fifth Circuit in *Howell* concluded that the right to free speech in this context was not clearly established when Howell was discharged because, when Howell was fired, the distinction in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), "between speech made pursuant to official duties and speech made as a private citizen was relatively new, and the Fifth Circuit "had not considered it in the context of an action involving a police officer's statements to an outside law enforcement agency, or in the context of a law enforcement officer's assistance with an outside agency's investigation." *Id.* at 525. According to the court in *Howell*:

> *Garcetti*, by its own admission, did not "articulate a comprehensive framework for defining the scope of an employee's duties in cases where there is room for serious debate." *See* 547 U.S. at 424, 126 S. Ct. 1951. Furthermore, the Supreme Court did not emphasize that only speech made in furtherance of an employee's "ordinary" job duties is not protected until nearly three years after Howell was discharged. *See* [*Lane v. Franks*, 134 S. Ct. 2369 (2014)]; *see also* [*Gibson v. Kilpatrick*, 773 F.3d 661, 668 (5th Cir. 2014)] (acknowledging that, although *Lane's* insertion of the qualifier "ordinary" did not meaningfully alter *Garcetti*'s original test, it does provide additional guidance regarding what speech falls within an employee's official duties); *Mpoy v. Rhee*, 758 F.3d 285, 295 (D.C. Cir. 2014) ("In particular, the use of the adjective 'ordinary'—which the [C]ourt repeated nine times—could signal a narrowing of the realm of employee speech left unprotected by *Garcetti*.").
>
> The lack of the application of *Garcetti* to similar facts at the time of Howell's discharge, coupled with the Supreme Court's only recent clarification of *Garcetti*'s citizen/employee distinction in *Lane*, compels us to hold that the Board defendants did not violate a "clearly established" constitutional right when voting to fire Howell.

> We thus affirm the district court's grant of qualified immunity to the Board defendants.

*Id.* at 526 (footnote omitted). The *Howell* court also noted that Howell's repeated defining of the right at issue as simply "First Amendment" rights disregarded the requirement that "the clearly established 'right' at issue must be defined within the contours of the specific controversy." *Id.* at 526 n.3 (citing *Morgan v. Swanson*, 755 F.3d 757, 760 (5th Cir. 2014) ("A plaintiff does not overcome the qualified immunity defense by alleging the violation of a right that is only defined at a high level of generality.") (internal quotation marks omitted)).

Applying the reasoning in *Howell* to Harmon's pleadings in this case and retaliation claim based on an alleged violation of his First Amendment right to free speech, the court similarly **concludes** that, at the time Harmon was fired, there was no clearly established right to free speech in the context of this case. Accordingly, Evans is entitled to qualified immunity on Plaintiff's retaliation claim based on an alleged violation of his First Amendment right to free speech, and **dismisses with prejudice** this claim against Evans. The court also **vacates** the following portions of Judge Solis's December 1, 2015 order: "the Court DENIES Evans'[s] motion" on page one; "The Court is convinced that every reasonable official would have understood such retaliation to be in violation of Harmon's statutory or constitutional rights" on page 7; and "the Court DENIES Defendant Evans's Motion for Judgment as a Matter of Law" on page 8.

**V.     Plaintiff's Assertion of a New Claim in his Supplemental Brief**

In his Supplemental Brief, Plaintiff exceeded the parameters of the court's January 26, 2017 order by notifying the court that, aside from his equal protection and First Amendment free speech claims set forth in his Complaint, he also has a "First Amendment Petition Claim" against Evans

**Memorandum Opinion and Order – Page 15**

based on the allegations in his Rule 7(a) Reply. Pl.'s Supp. Br. 7. Plaintiff asserts that this claim remains because:

> Defendant Evans has never challenged, and does not now challenge, Harmon's petition claim based on Evans' refusal to hear Harmon's grievance. Harmon alleges "Defendant Evans illegally refused to hear Harmon's grievance over his termination, although Dallas County has claimed that all employees of Dallas County have the right to appeal terminations to their department head. While Harmon claims Dallas County's policy denying grievance rights to him and other deputy constables is a denial of equal protection, Harmon separately challenges Evans' refusal to hear his grievance as a violation of his FIRST AMENDMENT petition right that was clearly established in 1984. Evans has not sought a judgment on the FIRST AMENDMENT petition claim. Retaliation claims under the Speech Clause and the Petition Clause are analyzed in the same way. Accordingly, Harmon also shows Evans has no qualified immunity as to the petition claim.
>
> Wherefore, Harmon shows Judge Solis correctly rejected the qualified immunity defense.

Pl.'s Supp. Br. 7 (footnotes omitted).

That Plaintiff has a "First Amendment Petition Claim" is a surprise to the court, as this is the first time that Plaintiff has mentioned anything about this claim. This is likely the reason why Evans did not previously challenge the claim in his Motion for Judgment based on qualified immunity. As noted, Evans expressed the belief in his Motion for Judgment that Plaintiff's section 1983 claim was based only on alleged equal protection and First Amendment free speech violations. Dallas County and Judge Solis were similarly operating under the assumption that these were Plaintiff's only claims. Judge Solis refers in passing in his December 1, 2015 order to Plaintiff's allegation "that Evans was fired and refused an appeal of his termination after a GPS audit showed a discrepancy-even though other employees were not fired for this same discrepancy or were at least given an appeal if they were fired," but it is clear that he was referring to this allegation in the context of Plaintiff's First Amendment free speech claim. Order 7 (Doc. 29).

Moreover, Judge Solis's order requiring Plaintiff to file a Rule 7(a) Reply was limited to "the issue of Defendants' qualified immunity defenses," Order (Doc. 24), and did not grant Plaintiff leave to assert new causes of action or allegations supporting new causes of action. While Judge Solis impliedly granted Plaintiff's request for leave in his response to Evans's Motion for Judgment (Doc. 27), to supplement his Complaint and Rule 7(a) Reply, Plaintiff said nothing in his motion for leave or the proposed supplement to his Complaint and Rule 7(a) Reply about asserting a new cause of action. Further, as noted in the factual background of this opinion, Plaintiff's allegation that he was deprived of a fundamental right to petition the government for redress of grievances was previously made in support of his equal protection claim, not the new "First Amendment Petition Claim" alluded to in his Supplemental Brief.

Qualified immunity questions should be determined at the earliest possible stage of litigation because "[t]he entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The court is, therefore, dismayed with Plaintiff's recent assertion regarding a "First Amendment Petition Claim," as this litigation that has been pending four years. Out of fairness to Evans, the court will allow him to file a dispositive motion regarding this claim by **April 28, 2017.**

## VI. Conclusion

For the reasons stated, the court **concludes** that Evans is entitled to qualified immunity with respect to Plaintiff's claim against him in his individual capacity for retaliation in violation of Plaintiff's First Amendment right to free speech brought under 42 U.S.C. § 1983 and **dismisses with prejudice** this claim. Accordingly, the court **vacates in part** the December 1, 2015 order (Doc. 29),

to the extent herein stated, and **grants** Defendant Derick Evans's Motion for Judgment as a Matter of Law (Doc. 26).  Further, the court **concludes** that Plaintiff's claims against Dallas County are barred, as a matter of law, by res judicata.  The court, therefore, **grants** Defendants' Limited Motion for Summary Judgment (Doc. 39) as to Plaintiff's claims against Dallas County and **dismisses with prejudice** Plaintiff's equal protection and First Amendment free speech claims against Dallas County that were brought under 42 U.S.C. § 1983.  The court **denies as moot** Defendants' Limited Motion for Summary Judgment (Doc. 39) with respect to Plaintiff's claims against Evans; and **denies** Norvis Harmon's Motion for Partial Summary Judgment (Doc. 42). Any motion based on qualified immunity by Evans regarding "First Amendment Petition Claim" must be filed **April 28, 2017.**

    **It is so ordered** this 31st day of March, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge