IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORVIS HARMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2083-L** |
| | § | |
| DALLAS COUNTY, TEXAS and | § | |
| DERICK EVANS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Recuse (Doc. 63), filed May 30, 2017. No response to the motion was filed by either Defendant. Plaintiff moves for the recusal of the undersigned pursuant to "28 U.S.C. § 144 and/or 28 U.S.C. § 455." Pl.'s Mot. 1. After considering the motion, the affidavit of Plaintiff's counsel, the record, and applicable law, the court **denies** Plaintiff's Motion to Recuse (Doc. 63).

### I. Procedural Background

Plaintiff Norvis Harmon ("Plaintiff" or "Harmon") brought this action against Defendants Dallas County, Texas ("Dallas County" or "the County") and former Dallas County Constable Derick Evans ("Evans") (collectively, "Defendants") on June 3, 2013. Harmon was previously employed by Dallas County in Constable Office, Precinct 1, as a deputy constable. His employment was terminated on June 3, 2011. The termination of his employment is the subject of this lawsuit, as well as a prior state court action filed by Harmon and two other deputy constables against Dallas County on September 9, 2011, in the 44th Judicial District Court, Dallas County, Texas.

In the state court action, Harmon and the other plaintiffs asserted claims for alleged violations of the Texas Whistleblower Act ("TWA") and Texas Local Government Code § 617.004, and an equal protection claim for alleged violations of the Texas Constitution. On March 28, 2012, Harmon's Whistleblower claim, equal protection claim, and claim for alleged violations of Texas Government Code 617.005 in the state court action were dismissed with prejudice.

In his Complaint in this federal action, Harmon asserts two claims, pursuant 42 U.S.C. § 1983, for alleged constitutional violations based on the denial of equal protection to petition the government and retaliation in violation of his First Amendment right to free speech. Pl.'s Compl. 4, 5 (referring to his claims as "Denial of Equal Protection" and "Free Speech Claim"). Harmon contends that Defendants retaliated against him in terminating his employment in violation of his First Amendment right to speak out on matters of public concern. Specifically, Harmon contends that he was fired because he reported that Evans and the supervisors under Evans engaged in illegal conduct in requiring deputy constables, including him, to: (1) donate time and money to Evans's re-election campaign; (2) work unpaid for political allies and friends of Evans; and (3) tow citizens' vehicles after traffic stops. In addition, Plaintiff asserts that he reported Evans's illegal conduct in setting traffic citation quotas in violation of the Texas Transportation Code § 720.002. Harmon alleges that Defendants refused to hear the appeal of his termination through the Dallas County grievance system because he was not employed as a Deputy Constable before August 19, 2003. Harmon asserts that the Dallas County order that limits appeals of deputy constables' grievances to deputy constables hired before August 19, 2003, deprived him of the fundamental right to petition

the government for redress of grievances in violation of his right to equal protection of the law guaranteed by United States Constitution. Defendants contend that Plaintiff's claims are barred by res judicata and fail for other reasons.

On February 26, 2015, former United States District Chief Judge Jorge A. Solis's ("Judge Solis") ordered Plaintiff to file a reply under Federal Rule of Civil Procedure 7(a) regarding "Defendants' qualified immunity defenses." Order 1 (Doc. 24). On March 18, 2015, Plaintiff filed his Rule 7(a) Reply (Doc. 25) as directed. On April 17, 2015, Evans moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on Plaintiff's First Amendment free speech and retaliation claim based on qualified immunity. On December 1, 2015, Judge Solis entered an order denying Evans's Motion for Judgment as a Matter of Law ("Motion for Judgment").

The case was assigned to the undersigned on April 27, 2016, after Judge Solis retired. On July 17, 2016, although the deadline set by Judge Solis for filing dispositive motions had expired, the court granted the parties' request to file limited summary judgment motions *because the parties represented that their motions would significantly narrow the issues to be tried*. In their Limited Motion for Summary Judgment (Doc. 39), Defendants contended that the two claims asserted by Plaintiff in this action based on denial of equal protection and First Amendment free speech/ retaliation were barred by res judicata. Plaintiff contended in his partial summary judgment (Doc. 42) that he was entitled to judgment on his equal protection claim against Dallas County because his right to petition the government for redress of grievances is a fundamental right, and Dallas County's ordinance that limits grievance rights to deputy constables hired after August 19, 2013, denied his right to equal protection under the United States Constitution and also violated his First Amendment right to petition the government.

In response to Plaintiff's summary judgment motion, Defendants asserted that Plaintiff's equal protection claim, whether based on the alleged right to petition the government or the allegedly discriminatory treatment of deputy constables, applied only to the County, not Evans, because the rule that precluded Harmon from appealing the termination of his employment was put in place by the County without input from Evans, and the denial of civil service protection to Harmon occurred because of the County rule and for no other reason. In addition to contending that Plaintiff's two claims were barred by res judicata, Defendants requested that the court treat their response to Plaintiff's summary judgment motion as a cross-motion for summary judgment in the County's favor on the equal protection claim, which the County contended could be decided as a matter of law. In his reply brief, Harmon never challenged Defendants' contention that he had only asserted two claims, one for denial of equal protection against the County and one for retaliation in violation of his First Amendment right to free speech against both Defendants; nor did Harmon challenge Defendants' assertion that his equal protection claim was only against the County.

On January 16, 2017, before ruling on the parties' summary judgment motions, the court gave the parties notice of its decision to *sua sponte* revisit Judge Solis's ruling on Evans's Motion for Judgment as follows:

> In reviewing the parties' motions, the court also necessarily reviewed the record in this case, including . . . Chief Judge Jorge A. Solis's . . . December 1, 2015 order denying . . . Evans's Motion for Judgment . . . , the parties' briefs as to this motion, and Plaintiff's pleadings. In his order, it appears that Judge Solis addressed in a general and conclusory manner the issue of whether the challenged conduct by . . . Evans . . . —terminating . . . Harmon . . . in retaliation for his reporting conduct by Evans and others that Harmon believed to be illegal—violated clearly established federal statutory or constitutional rights.
>
> In analyzing qualified immunity claims, the Supreme Court has "repeatedly told courts . . . to not define clearly established law at a high level of generality."

> *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citation omitted). According to *Mullenix*, courts must consider "whether the violative nature of particular conduct is clearly established" and must undertake this inquiry "in light of the specific context of the case, not as a broad general proposition." *Id.* (citations and internal quotations marks omitted).
>
> Because the order on Evans's Motion for Judgment did not consider whether the nature of the challenged conduct was clearly established in the specific context of this case, the court ***sua sponte* revisits** this issue, and **directs** the parties to file by **February 2, 2017**, supplemental briefs on the issue. The parties' briefs must not exceed **seven (7) pages**, exclusive of signature pages, and shall address whether, in light of *Mullenix*, *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and related Supreme Court and Fifth Circuit authority, the challenged conduct by Evans and corresponding alleged violation of Harmon's right to First Amendment free speech was clearly established at the time his employment was terminated. No further filings will be allowed regarding this issue unless directed by the court. To avoid further delay, no extensions of time will be granted.

Order 1-2 (Doc. 52). On February 2, 2017, the parties submitted briefing regarding the specific issue raised by the court of whether the nature of the challenged conduct, with respect to Plaintiff's First Amendment free speech and retaliation claim, was clearly established in the specific context of this case. In addressing the issue raised by the court, Plaintiff advised in his supplemental brief that, in addition to his two claims for alleged First Amendment free speech and retaliation and equal protection violations, he also has a First Amendment petition claim against Evans that has not yet been challenged by Evans. According to Plaintiff, his First Amendment petition claim is based on his allegation that Evans refused to hear his grievance:

> Harmon alleges "Defendant Evans illegally refused to hear Harmon's grievance over his termination, although Dallas County has claimed that all employees of Dallas County have the right to appeal terminations to their department head. While Harmon claims Dallas County's policy denying grievance rights to him and other deputy constables is a denial of equal protection, Harmon separately challenges Evans' refusal to hear his grievance as a violation of his FIRST AMENDMENT petition right that was clearly established in 1984. Evans has not sought a judgment on the FIRST AMENDMENT petition claim. Retaliation claims under the Speech Clause and the Petition Clause are analyzed in the same way. Accordingly, Harmon also

shows Evans has no qualified immunity as to the petition claim.

Wherefore, Harmon shows Judge Solis correctly rejected the qualified immunity defense.

Pl.'s Supp. Br. on Qualified Immunity 7 (footnotes omitted).

On March 31, 2017, the court concluded that Plaintiff's claims against the County for denial of equal protection and retaliation for the exercise of free speech under the First Amendment were barred by res judicata and dismissed with prejudice these claims. The court further noted that any claim against Evans under 1983 in his official capacity arising out of the events at issue in this case would in effect have been a claim against the County that was also barred by res judicata. The court further determined that Evans was entitled to judgment as a matter of law, based on qualified immunity, on Plaintiff's First Amendment free speech and retaliation claim against him in his individual capacity. The court, therefore, vacated the portion of Judge Solis's order in which the clearly established law standard was applied to the facts of this case, and dismissed with prejudice Plaintiff's First Amendment free speech and retaliation claim.

The court believed that resolution of Plaintiff's two claims based on denial of equal protection and retaliation in violation of his alleged First Amendment right to free speech disposed of all claims asserted by him in this case and expressed surprise as follows regarding Plaintiff's assertion that he had a third claim "First Amendment Petition Claim" against Evans:

> That Plaintiff has a "First Amendment Petition Claim" is a surprise to the court, as this is the first time that Plaintiff has mentioned anything about this claim. This is likely the reason why Evans did not previously challenge the claim in his Motion for Judgment based on qualified immunity. As noted, Evans expressed the belief in his Motion for Judgment that Plaintiff's section 1983 claim was based only on alleged equal protection and First Amendment free speech violations. Dallas County and Judge Solis were similarly operating under the assumption that these were Plaintiff's only claims. Judge Solis refers in passing in his December 1, 2015 order to

> Plaintiff's allegation "that Evans was fired and refused an appeal of his termination after a GPS audit showed a discrepancy—even though other employees were not fired for this same discrepancy or were at least given an appeal if they were fired," but it is clear that he was referring to this allegation in the context of Plaintiff's First Amendment free speech claim. Order 7 (Doc. 29).
>
> Moreover, Judge Solis's order requiring Plaintiff to file a Rule 7(a) Reply was limited to "the issue of Defendants' qualified immunity defenses," Order (Doc. 24), and did not grant Plaintiff leave to assert new causes of action or allegations supporting new causes of action. While Judge Solis impliedly granted Plaintiff's request for leave in his response to Evans's Motion for Judgment (Doc. 27), to supplement his Complaint and Rule 7(a) Reply, Plaintiff said nothing in his motion for leave or the proposed supplement to his Complaint and Rule 7(a) Reply about asserting a new cause of action. Further, as noted in the factual background of this opinion, Plaintiff's allegation that he was deprived of a fundamental right to petition the government for redress of grievances was previously made in support of his equal protection claim, not the new "First Amendment Petition Claim" alluded to in his Supplemental Brief.

Mem Op. and Order 16-17 (Doc. 55) (quoting J. Solis's Orders (Docs. 24, 29)). The court went on to note that qualified immunity is "immunity from suit rather than a mere defense to liability," and qualified immunity questions should, therefore, be determined at the earliest possible stage of litigation. *Id*. (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Given the length of time that the case had been pending, the court expressed "dismay[] with Plaintiff's recent assertion regarding a 'First Amendment Petition Claim.'" Mem Op. and Order 17. Instead of dismissing this action, the court allowed Evans to file a dispositive motion regarding Plaintiff's First Amendment Petition claim. It did so in light of Evans's assertion of qualified immunity, and because it did not believe, based on the record in this case, that Dallas County or Evans was aware that Plaintiff was asserting a First Amendment Petition claim against Evans. On April 26, 2017, Evans moved for judgment on Plaintiff's First Amendment Petition claim.

On May 30, 2017, Plaintiff filed his Motion to Recuse, contending that his First Amendment Petition claim is not new. Plaintiff makes a similar argument in response to Evans's summary judgment motion, contending that the facts alleged in his Complaint and Rule 7(a) Reply regarding his equal protection claim also support a First Amendment Petition claim, and the same conduct constitutes a denial of equal protection and violation of his First Amendment right to petition the government. In addition to responding to Evans's summary judgment arguments regarding his remaining First Amendment Petition claim, Plaintiff contends that Evans's refusal to hear his grievance constituted a denial of equal protection and "violated [his] statutory grievance rights under TEXAS GOVERNMENT CODE § 617.005 and DALLAS COUNTY CODE Ch. 86." Pl.'s Summ. J. Resp. 17-18. From this, it appears that Plaintiff may now be contending that he has additional individual capacity claims remaining against Evans aside from his First Amendment Petition claim that are not barred by qualified immunity. The court will address this issue and the parties' arguments made with respect to Evans's pending summary judgment by separate order.

As explained below, Plaintiff's Motion for Recusal is based in part on the court's statements regarding Plaintiff's assertion of a First Amendment Petition Claim; the court's decision to allow Evans to file a dispositive motion regarding this claim; and the court's decision to sua sponte revisit and vacate in part Judge Solis's order denying Evans's Motion for Judgment, based on qualified immunity, to dismiss Plaintiff's First Amendment free speech and retaliation claim.

## II. Plaintiff's Grounds for Seeking Recusal

Plaintiff moves for the recusal of the undersigned pursuant to "28 U.S.C. § 144 and/or 28 U.S.C. § 455." Pl.'s Mot. 1. As grounds for recusal, Plaintiff expresses concern regarding the undersigned's ability to be impartial because of his prior employment history as Dallas City Attorney

and the likelihood that he previously supervised attorneys who made qualified immunity arguments similar to those in this case. In addition, Plaintiff contends that the court's decision to sua sponte revisit Judge Solis's December 1, 2015 order denying Evans's Motion for Judgment as to his First Amendment free speech and retaliation claim amounted to partiality and inappropriate advocacy on behalf of Defendants. Plaintiff contends that it was not the court's place to argue for either side or to suggest potentially beneficial arguments that a party failed to make or were not addressed by Judge Solis.

Plaintiff further asserts that the court's reversal of Judge Solis's order was "not unexpected," and this is the reason he noted in his response to the court's sua sponte order that Evans had never challenged his First Amendment Petition claim. *Id.* at 6. Plaintiff contends that the court's statement expressing surprise and dismay in response to Plaintiff's assertion on February 2, 2107, that he had a First Amendment Petition claim against Evans that had not been previously addressed by Defendants demonstrates impartiality. Plaintiff nevertheless notes that the court's adverse ruling(s) is not the reason he filed the Motion to Recuse. Instead, Plaintiff indicates that his decision to file the Motion to Recuse was prompted by the undersigned's "prior, apparently full time employment as a government lawyer, with a role of arguing for qualified immunity for government employees, coupled with his advocacy on behalf of Defendant Evans in this case" is what prompted the filing of the Motion to Recuse. *Id.* at 8.

## III.  Analysis

### A.  Applicable Legal Standards

Plaintiff moves for recusal under subsections (a) and (b)(2) of section 455. Section 455(a) "requires a federal judge to disqualify himself in any proceeding in which 'his impartiality might be

reasonably questioned,'" whereas section 455(b)(2) requires a federal judge to disqualify himself when, "in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(a), (b)(2).

The test for recusal under section 455(a) is an objective one. *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 378 (5th Cir. 2002). Plaintiff must show that, "if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Id.* (footnote omitted); *Republic of Panama v. American Tobacco Co., Inc.*, 265 F.3d 299, 302 (5th Cir. 2001). "[R]eview should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). "[J]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel" are not valid bases for a motion to recuse for personal bias. *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from establishing a bias]."). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display a similar degree of favoritism or antagonism" that would make fair judgment impossible. *Id.* The disqualification decision is within the "sound discretion" of the judge. *In re Deepwater Horizon*, 824 F.3d 571, 579-80 (5th Cir. 2016).

Plaintiff also moves for recusal under section 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no

**Memorandum Opinion and Order - Page 10**

further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. This provision applies only to charges of actual bias. *Henderson v. Department of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). When a party files a section 144 motion, the judge must pass on the sufficiency of the affidavit but may not pass on the truth of the affidavit's allegations. *Id.* There are three requirements for a legally sufficient affidavit: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Id.*

B. Discussion

1. Section 144

In support of the Motion to Recuse, Plaintiff submitted an affidavit executed by his counsel William J. Dunleavy. Section 144, however, requires that an affidavit be submitted by a party, and the Fifth Circuit has held that "[a] court may not grant relief under § 144 if a party's counsel instead of the party executes an affidavit alleging personal bias or prejudice." *Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 659 (5th Cir. 1985) (per curiam). Moreover, the court disagrees with Plaintiff's assertion that his Motion to Recuse is timely, as he did not "exercise reasonable diligence in filing an affidavit after discovering facts that show bias" as required by section 144, *id.* at 658, and has not shown good cause for the delay in filing his Motion to Recuse. *Texas Tech Univ. v. Spiegelberg*, No. 5:05-CV-0192-C, 2006 WL 3591606, at *1 (N.D. Tex. Dec. 11, 2006)

(explaining that section 144 "clearly puts the burden on the affiant of showing good cause for failure to file in time" by establishing that he "did not have notice of the alleged disqualifying facts at the time the case was assigned to the judge's docket.") (citation omitted); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) ("[O]ne seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.").

This case was assigned to the undersigned April 27, 2016, after Judge Solis retired. It is a matter of public knowledge that the undersigned was appointed to the federal bench in 1998 and previously served as the Dallas City Attorney. Plaintiff nevertheless waited more than one year after the case was reassigned to the undersigned and two months after the court's adverse ruling on the parties' prior summary judgment motions and Evans's Motion for Judgment before filing his Motion to Recuse. He did so even though he acknowledges in his Motion to Recuse that he and his counsel "had reservations" about the assignment of the case to the undersigned in April 2016 because of the undersigned's "former employment as a government/employer lawyer, who was most recently the Dallas City Attorney before his appointment to the bench." Pl.'s Mot. 2.

Under Plaintiff's theory, a person who served as a criminal defense attorney, or one who served in a prosecutorial capacity, could never preside as a federal judge in a criminal case because he or she would either be biased in favor of the defense or prosecution. There is no question that persons who have served previously as criminal defense counsel or prosecutors can effectively and fairly preside as federal judges over criminal cases. Plaintiff's argument to the contrary is simply nonsensical and not supported by apposite authority. Accordingly, for all of the above-stated reasons, recusal is not justified or warranted under section 144.

### 2. Section 455

Plaintiff's contentions with respect to section 455 are similarly unavailing. The affidavit of Mr. Dunleavy does not establish that the undersigned served as a lawyer or witness in the matter in controversy or that a lawyer under his prior supervision at the City of Dallas served as a lawyer or witness concerning the matter in controversy. Accordingly, section 455(b)(2) is inapplicable and cannot serve as a basis for recusal. Further, as correctly noted by Plaintiff, the undersigned was employed by the City of Dallas, not Dallas County, one of the Defendants in this case, and it has been almost nineteen years since the undersigned worked for the City of Dallas as its City Attorney.

Moreover, it is well settled that a district court with jurisdiction over a case has inherent authority to revisit, reverse, vacate, or modify any interlocutory order entered in the case "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (rejecting the intervenor's argument that it was "'utterly "inexplicable' how a court could one day conclude that there are genuine issues of material fact and later, without the benefit of any additional evidence, conclude to the contrary"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 738 n.6 (5th Cir. 1993) (approving district court's sua sponte reconsideration at the close of the plaintiff's evidence of defendant's motion for summary judgment); *United States v. Horton*, 622 F.2d 144, 148 (5th Cir. 1980) (concluding that a partial summary judgment "is not immutable and has no res judicata effect"). For this reason and because the court determined that Judge Solis's conclusion

that Plaintiff's right to First Amendment free speech was clearly established did not comport with relevant, binding authority, the court was well within its right to correct the error before entry of judgment.

While Plaintiff characterizes the court's sua sponte decision to revisit Judge Solis's ruling as improper advocacy on behalf of Defendants, the issue of whether Plaintiff's right to First Amendment free speech was clearly established was before Judge Solis as a result of Defendant Evan's Motion for Judgment based on qualified immunity, but, as explained in the court's January 26, 2017 order, an incorrect legal standard was applied in deciding the issue. Even if the issue had not been raised as a result of Evans's Motion for Judgment, the court has authority to enter judgment sua sponte, as long as it provides the losing party with adequate notice and a reasonable opportunity to respond, which was done here. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991); *Sayles v. Advanced Recovery Sys., Inc.*, No. 16-60640, 2017 WL 2872343, at *1 (5th Cir. July 6, 2017) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

Plaintiff's contention that the court's bias is also demonstrated by its comments regarding the timing or perceived newness of Plaintiff's First Amendment Petition claim and decision to allow Evans an opportunity to file a dispositive motion with respect to this claim fares no better. The court does not have a "dog in this fight" as to whom prevails. It does, however, have inherent authority to control its docket to ensure the efficient administration of the cases pending before it and prevent undue delays in the disposition of pending cases. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)

(concluding that federal courts have inherent authority "to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority."); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) ("The district court has broad discretion in the management of its docket and the trial of lawsuits pending before it."). Additionally, as previously noted, judicial admonishments to counsel, even if stern or short-tempered in nature, or not legally supportable are insufficient to establish bias. *Liteky*, 114 S. Ct. at 1157; *Andrade*, 338 F.3d at 455. Accordingly, Plaintiff has not established that recusal is warranted or justified under section 455(a).

## IV. Conclusion

The court recognizes that there may be valid reasons to seek recusal or disqualification of a judge, but Plaintiff's Motion to Recuse presents no valid reasons for recusal or disqualification. The court fully understands, and takes no exception, that a party may disagree with its legal rulings and appeal them. That is a party's right. The allegations and arguments that Plaintiff makes are not supported by facts or the law and simply are "beyond the pale." The motion is frivolous. The court will not sanction Plaintiff this time for his misapprehension of the law; however, Plaintiff is warned not to file any further motions that are frivolous or those that cause unnecessary delay and consume scarce judicial resources. For the reasons herein stated, the court **denies** Plaintiff's Motion to Recuse (Doc. 63) under 28 U.S.C. § 144 or 28 U.S.C. §§ 455(a), (b)(2).

**It is so ordered** this 8th day of August, 2017.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge